III. *Alleged Invalid Resentencing*

▮▮▮▮ Defendant argues that resentencing is required in this case by Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), and its progeny, due to the imposition on February 27, 1969, of concurrent sentences of 18 years on both counts one and two (27a).[10] Since the very recent en banc decision of this court in United States v. Corson, 449 F.2d 544 (Opinion of Judge Rosenn filed 8/31/71), requires in this situation the imposition of "a general sentence" on both counts which is "the same or less than that originally imposed" (see p. 12), the case will be remanded to the district court, with directions (1) to vacate the sentence of February 27, 1969.[11] (2) to vacate the order of December 7, 1970, which is inconsistent with *Corson, supra*, and, it is noted, was entered without jurisdiction for the reasons stated in note 11, and (3) in conformity with *Corson, supra* (at p. 14), to impose at a new sentencing proceeding a general sentence not to exceed the 18-year sentence originally imposed.

All other contentions of defendant have been considered and rejected.

Helen Good **FARIES**, Plaintiff-Appellee,

v.

**UNITED STATES of America,**
Defendant-Appellee,

v.

**AETNA CASUALTY AND SURETY COMPANY**, Third Party Defendant-Appellant.

No. 71-2069
**Summary Calendar.** *

United States Court of Appeals,
Fifth Circuit.

Oct. 19, 1971.

James C. Allums, Jr., C. Edward Fowler, Jr., Bailey, Williams, Westfall & Henderson, Dallas, Tex., for third party defendant-appellant.

Tom Purnell, Eldon B. Mahon, U. S. Atty., Kenneth J. Mighell, Asst. U. S.

10. Also, defendant argues that he is entitled to resentencing because the court informed the defendant of his right to appeal *before* sentence instead of after sentence, as is mandated by Rule 32(a) (2) of the Federal Rules of Criminal Procedure. We find no prejudicial error and so reject this contention. Defendant also contends that the judge erred in not advising defendant of his right to appeal in forma pauperis, advice which Rule 32 (a) (2) requires be given to a defendant. However, we find that defendant has not been prejudiced because the record indicates that defendant asked his counsel "to submit a notice or file a notice of appeal" (28a), that he did so, and that counsel was

appointed under the Criminal Justice Act to represent defendant for purposes of appeal.

11. The December 7, 1970, order, striking count 1 of the February 27, 1969, sentence is ineffective since the district court had no jurisdiction, after the docketing of the appeal in this case, to enter that order. *See* Berman v. United States, 302 U.S. 211, 214, 58 S.Ct. 164, 82 L.Ed. 204 (1937).

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al., 431 F.2d 409, Part I (5th Cir. 1970).

**1389**

Atty., Dallas, Tex., for defendant-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**Marvin A. EAGLESTON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 71–1108.

United States Court of Appeals, Tenth Circuit.

Sept. 30, 1971.

Sandra Nemser (Michael L. Bender, Denver, Colo., on the brief), for petitioner-appellant.

Hubert H. Bryant, Asst. U. S. Atty. (Nathan G. Graham, U. S. Atty., and Robert P. Santee, Asst. U. S. Atty., on the brief), for respondent-appellee.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The district court, without an evidentiary hearing, denied appellant Eagleston's motion for relief under 28 U.S.C. § 2255 from sentences imposed after jury trial for violations of 18 U.S.C. §§ 2312 and 2314. On direct appeal we affirmed. See United States v. Eagleston, 10 Cir., 417 F.2d 11.

The appeal questions the validity of a search and seizure. Evidence at the criminal trial disclosed that an officer of the Tulsa Police Department went to Eagleston's apartment to serve a misdemeanor warrant charging Eagleston with violation of the Tulsa ordinance requiring registration by felons. The officer made the arrest and incident thereto seized a large quantity of women's apparel which was in plain sight. At the criminal trial there was a full, fair, and adequate hearing of all facts pertaining to the seizure and the trial court

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.